UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

DONALD WHITE,

                                    Petitioner,

            - vs -                                                  9: 05-CV-0711
                                                                      (DNH)(DRH)
S.A. CONNELL, Superintendent of Oneida
Correctional Facility,

                                    Respondent.

~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

APPEARANCES:

DONALD WHITE
Petitioner, *pro se*

DAVID N. HURD
United States District Judge

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

DEC 21 2005

LAWRENCE K. BAERMAN, Clerk
UTICA

### DECISION and ORDER

Presently before the Court is an amended petition submitted by Donald White

("petitioner").  Dkt. No. 4.  The amended petition was submitted by petitioner in

compliance with the Order of this Court filed on July 29, 2005 ("July Order").  Dkt. No. 3.

For the reasons discussed below, this action is dismissed.

Petitioners' original petition, while not entirely clear, appeared to challenge certain

parole determinations rendered in 2001 and 2003 which denied petitioner parole.  The

July Order advised petitioner that unless he could establish that his state court remedies

regarding these parole determinations were exhausted by way of an Article 78 proceeding

in state court, this petition would be dismissed.  *See* July Order.  Petitioner was directed to

file an amended petition establishing exhaustion of state court remedies.

Instead of filing an amended petition, petitioner filed a submission labeled "Reply, To Order Dated July 29, 2005." *See* Dkt. No. 4 at 1. In his Reply, petitioner appears to argue that he is not challenging parole determinations, but has commenced this Federal habeas corpus proceeding because of "the refusal and denial decisions to entertain and to even review the said petition for a writ of habeas corpus, by the Supreme Court, Oneida County, and by the Appellate Division, fourth Dept., does legally and constitutionally bring forth the said presented petition for a writ of habeas corpus, pursuant to 28 US. § 2254...." Dkt. No. 4 at ¶ 10. As best as the Court can determine, petitioner wishes to challenge the failure of the state courts, during his state habeas proceeding, to give him a full and fair hearing.[1]

> To the extent that the Plaintiffs seek to challenge determinations that were made in the state court, this Court lacks subject matter jurisdiction to decide such a dispute under the Rooker-Feldman doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Under this doctrine, "federal district courts lack jurisdiction to review state court decisions whether final or interlocutory in nature," *Gentner v. Shulman*, 55 F.3d 87, 89 (2d Cir.1995), and "federal review, if any, can occur only by way of a certiorari petition to the Supreme Court," *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 197 (2d Cir.1996). "Such jurisdiction is lacking because within the federal system, only the Supreme Court may review a state court judgment." *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir.1998).

---

[1] This interpretation is also supported by the original petition. When asked to provide the "[n]ame and location of court which entered judgment of conviction under attack," petitioner replied "Supreme Court, Oneida County, Judge Norman I. Siegal Sup. Ct. Oneida Co. August 12, 2004, --- App. Div. 4th Dept. Jan. 3, 2005." Dkt. No. 1 at 1. In response to "Indictment No. ... [and] Date of Judgment of conviction," petitioner replied "'PETITION FOR A WRIT OF HABEAS CORPUS' JULY 27, 2004, JUDGMENT RENDERED, WHICH IS BEING APPOSED, AND OR UNDER ATTACK." *Id.*

*Aquino v. Prudential Life and Casualty Insurance Company*, No. 03 CV 5987, 2005 WL

486563, at *9 (E.D.N.Y. Mar. 1, 2005).

> It is also well established that federal district courts do not sit in review of decisions by state courts.... Where the state courts have erred, the proper forum for appeal is the United States Supreme Court.... Comity requires a federal court to assume that state courts will perform their duty to uphold the Constitution to the best of their abilities.

*Aristocrat Health Club of Hartford, Inc., v. Chaucer*, 451 F.Supp. 210, 218 (D.Conn. 1978)

(internal citations omitted).

Since petitioner is not challenging his conviction or his parole determinations, but

instead is seeking review, on constitutional grounds, of the state court decisions denying

his state habeas petition, this Court does not have jurisdiction of this matter and this action

is dismissed.

WHEREFORE, it is hereby

ORDERED, that for the reasons set forth above, this action is dismissed, and it is

further

ORDERED, that the Court serve a copy of this Order upon the petitioner.

IT IS SO ORDERED.

United States District Judge

Dated:   December 21, 2005
         Utica, New York.

3